Geoff MOYLE, Plaintiff—Appellant,

v.

**GOLDEN EAGLE INSURANCE CORPORATION, a business entity doing business in the State of California; Liberty Mutual Insurance Company, a business entity doing business in the State of California; Liberty Mutual Retirement Benefit Plan, a benefit pension plan, Defendants—Appellees.**

No. 05–56858.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2007.

Filed Aug. 23, 2007.

Peter Friesen, Jack B. Winters, Jr., Esq., Winters & Associates, San Diego, CA, for Plaintiff–Appellant.

Janice P. Brown, Esq., Brown Law Group, San Diego, CA, Robert M. Wood,

\* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

Esq., Jackson Lewis, Greenville, SC, for Defendants–Appellees.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON \*, Chief District Judge.

## MEMORANDUM \*\*

■ The district court did not err in dismissing Geoff Moyle's ("Moyle") cause of action under 29 U.S.C. § 1132(a)(1)(B) because Moyle failed to exhaust administrative remedies to obtain clarification of his future rights to benefits. *See Amato v. Bernard,* 618 F.2d 559 (9th Cir.1980). The summary plan materials gave the plan administrator the authority to determine the right of beneficiaries to a distribution under the Benefit Plan and authorized the plan administrator to interpret the terms of the Benefit Plan. These provisions gave Moyle an administrative procedure for seeking clarification of his rights to future benefits, and therefore he was required to exhaust such administrative remedies. *See Diaz v. United Agric. Employee Welfare Benefit Plan and Trust,* 50 F.3d 1478, 1483–84 (9th Cir.1995).

We also affirm the district court's holding that because Moyle never filed a formal claim, the one-year limitation period in the Benefit Plan does not apply. Moreover, on this record, Moyle is not precluded from raising his request for clarification of his rights to future benefits or, at the appropriate time, a claim for such benefits, in federal court after exhausting his administrative remedies pursuant to the plan. *See Amato,* 618 F.2d at 566–68.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Moyle has, likewise, failed to demonstrate that the district court abused its discretion in refusing to forgive his failure to exhaust administrative remedies. Exhaustion would not be futile because Moyle has not shown that the plan administrator would not fairly consider his claim. *See Dishman v. UNUM Life Ins. Co. of Am.,* 269 F.3d 974, 984–85 (9th Cir.2001). Equitable estoppel does not foreclose the defendant's exhaustion defense; because Moyle never made a claim, he cannot assert he should have been advised of his right to take an appeal of that same claim. *See Huseman v. Icicle Seafoods, Inc.,* 471 F.3d 1116, 1121–24 (9th Cir.2006). Finally, the plan administrator's failure to inform him of the existence of the procedure for hearing his claim does not excuse Moyle from exhausting administrative remedies; the fact that Moyle was "in the dark" regarding claims procedures does not render the administrative review inadequate because minimal efforts by Moyle could have clarified the issue. *See Diaz,* 50 F.3d at 1484–85.

The district court did not err in dismissing Moyle's cause of action under 29 U.S.C. § 1132(a)(3). Under the rule announced in *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), Moyle has no claim under 29 U.S.C. § 1132(a)(3) because he has adequate relief under 29 U.S.C. § 1132(a)(1). Moreover, Moyle's claims that equitable relief is necessary to ensure the Benefit Plan is made whole is not supported by the facts alleged in the complaint. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001).

**Affirmed.**